# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

ROGER CRAIG EWING                                                                      PLAINTIFF

v.                                                                                                          No. 4:09CV59-A-S

VALLEY FOOD, ET AL.                                                         DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Roger Craig Ewing, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Ewing alleges that the diet he has been prescribed does not provide sufficient calories to sustain him because of his ongoing medical problems predisposing him to malnutrition. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

Roger Craig Ewing is a state inmate currently housed in Unit 29-F at the Mississippi State Penitentiary in Parchman. He suffers from medical problems predisposing him to malnutrition. To treat this condition, Dr. Johnson placed Ewing on the PEM II diet, which provides 4,000 calories per day. Dr. Johnson is Ewing's treating physician who examines and treats Ewing on a regular basis. Dr. G. Perry, the Mississippi Department of Corrections medical director, issued an order changing Ewing's diet to PEM I with snack. Ewing filed a grievance stating that he simply does not believe that the two diets provide the same number of calories and requesting to go back on the PEM II diet. In responding to Ewing's grievance, Dr. Perry noted that the PEM I

diet with snack also provides 4,000 calories per day – that the two diets are functionally equivalent.

### Denial of Medical Treatment

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d

286, 292 (5th Cir. 1997).

Ewing's claim is simply that he disagrees with the medical treatment he has received, namely, the PEM I diet plus snack. As discussed above, this disagreement does not state a constitutional claim, and this case shall be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

      **SO ORDERED,** this the ___27th___ day of July, 2009.

      ___/s/ Sharion Aycock___
      **U. S. DISTRICT JUDGE**